All right, we're ready for counsel in United States v. Robinson whenever you all are ready. Thank You Judge Thacker and may it please the court Eric Brignac for Carlos Robinson. We are asking this court to do three things. Vacate the district court order dismissing this motion as an unauthorized second or successive motion, to hold that the motion is a first motion filed after the amended judgment, and to remand with instructions for the district court to consider the merits of the motion in the first instance. Section 404 First Step Act proceedings are different than most sentence quote modifications or most clerical corrections. Counsel could you please address the jurisdictional question first? The mootness your honor? Yeah, yes. Whether whether we can hear this matter as a matter of Article 3 jurisprudence. Yes, of course your honor. So I believe the way that is framed is that if this court were to hold that the district court gave two alternative holdings, then even if it agrees with us on the first holding it would still have to affirm it could not provide effective relief. I agree with that. So where I think it is not moot is that the district court did not issue two alternative holdings because it could not issue two alternative holdings. Once a federal court decides that it lacks jurisdiction to hear a matter as the court did here, that ends the court's power. So I read that in your supplemental briefs and appreciate that. It's two points I'd ask you to respond to. One is whether our kind of Article 3 power is really at issue here. I mean the habeas statute certainly governed what can be appealed and the district court used the word jurisdiction. We've used the word jurisdiction but the Supreme Court has said over and over over late that you know not every time courts are using jurisdiction is it really right. They would call these fly by jurisdictional statements and so the first question I'd ask is whether this is truly a you know Article 3 jurisdiction case in which which if true that might be an answer. If it's not I'm not sure that's really a satisfactory answer. Let me just deal with that first. So and your honor there is a recent case from this court and it is not in the briefing I did discover it in my prep. Kale versus Alfonso Royals 139 F 4th 329. Okay. And in footnote 2 this court expressly notes that there is a circuit split on the question of whether the Supreme Court's hypothetical jurisdiction issue that I'm talking about exists only for Article 3 or whether it also exists for statutory jurisdiction. There is a circuit split in the case I just cited footnote 2 this court says that treat statutory jurisdiction which I think this is because this is Congress's habeas statute. Treat that the same as Article 3 jurisdiction. You know it cites the cases that I'm citing for this purpose so yeah I think it was an open question until June of this year your honor. Is that a published case? Ma'am? Is that a published case? It is a published case it was from June of this year and I apologize I could have done a 28 J letter I wasn't sure the extent to which and so I always hate those late late 28 J's I know the court can sometimes. Better late than never. So as Ms. Hoffman did you give her a copy of this case before argument? No your honor. So she's hearing about it for the first time as well. She is and I'm sorry and of course if this court wants any sort of supplemental briefing on that question of statutory versus Article 3 jurisdiction very happy. Yeah I that let's assume so two things I mean would you agree if we have not I'm not doubting you by the way and talking about that case I'm sure that's what it says but with if this was one of considered a claims processing rule rather than a jurisdiction would you agree that what you're talking about is not correct? I think so your honor and the district court believes I would say no because the district court believed that it lacked jurisdiction as it said I don't think that it was equivocating on that point I actually the entirety of my brief is that the district court was wrong but it believed it lacked jurisdiction and when a court believes it lacks jurisdiction it certainly can continue to opine on the case can give aside thoughts um certainly this court does that all the time you know this issue is not before us but we express skepticism etc etc but what cannot happen to under Article 3 is for a federal court to believe correctly or erroneously that it lacks jurisdiction and then to issue any sort of legally binding holding after that point and so I would your honor say it doesn't defeat my claim because even if the court turns out you did have jurisdiction that was just claims processing um and so you know that that's I think where we are maybe I also cite the probably the closest case we have cited the Moore versus Maricopa County out of the Ninth Circuit you know that was one where I think it's council call and this is just what I did kind of getting ready for this call propo proto papas versus travelers insurance and it's a removal case and the district court says there's no subject matter jurisdiction because number one it's not a federal question and number two all counsel didn't join and we consider both those arguments it just seems kind of odd to me that a district court that we that we wouldn't be able to consider those issues when the district courts give an alternative even jurisdiction those are those are pretty good those do go to jurisdiction well I think your honor that this court the district courts the government would an alternative holding I would call it opining without legal effect there are two reasons that I think this court cannot affirm on those grounds you know beyond my argument that it has no legal effect their fact-bound issues they get to equitable tolling they get to the merits of the case the equitable tolling will involve discretion so prudentially the district court is the proper place to adjudicate those in the first instance and then secondly this court denied a certificate of appeal ability on those questions so it puts us in a very weird procedural posture I'll grant you but to affirm the alternative holding you know this court would have to basically itself opine on something where it denied a certificate of appeal ability so fair point I guess my question is rather than affirm on it we ruled on it in terms of whether there's a substantial issue so yes is that affirming in the truest sense maybe not technically but we're basically saying there's no basis for us to grant a certificate and I think what really needs to happen is not to say well I think if this court affirms on those grounds it's necessarily saying that was a legally binding district court holding which I think it did not have the power to issue and I mean I do think it's hard to affirm something without reaching the merits as a practical matter mr. Robinson has a very steep climb if this court sends it back we the district court put its thoughts on the record but a steep climb and unlikelihood of success is not article three mootness and I would point out that he has not had a chance to address equitable tolling as he had the right to and 16 months is a long time but kovat was a pretty extraordinary situation none of this is in the record but he's he is opined to me that he definitely has evidence to bring to the district court when you know given the opportunity to do so and that is the court to address it in the first instance um of course to even get there we need to win the merits of the issue on which this court did grant a of appeal ability and the first step back itself you know orders the district court or allows sorry the district court to quote impose a reduced sentence not to correct a sentence not to modify a sentence not even to reduce a sentence to impose a reduced sentence and calling to urban sorry conception from the Supreme Court leans into that language when it's discussing the sentence modification proceedings it's using discussing sentences that were vacated on appeal it expressly says the only two limitations that a court has or if it cannot you know it can't give a defendant a second bite at the Apple and it doesn't need to do anything it cites Rita and Kimbrough when discussing the limits on the district courts jurisdiction those is this court well those are direct appeal cases so section 404 proceedings are different Congress gave the courts wide unfettered discretion and I think where the other two circuits I will also acknowledge that if this court were to agree with us on this point it would be creating a split with the third and the 11th um you know Edwards itself from the Third Circuit talks of it drops a footnote saying that you know conception puts our holding in some tension we're still going to go with the 11th Circuit in Telsey but it even acknowledges that this is a close case and Telsey relies heavily on Dillon which was not a First Step Act case it was a I'm sorry a 3582 c2 reduction which is very different and much more limited than the First Step Act and so it relies heavily on Dillon actually in conception the dissent cites Dillon to say here's why the majority got it wrong so the First Step Act is very different than a guidelines driven sentence reduction um the other thing that Telsey does in the 11th Circuit it relies on its own opinion in Stevens which says that the 3553 a factors do not apply in First Step Act proceedings I think the Supreme Court overruled that in conception and actually the government's brief in this case on 19 acknowledges that that um 3553 a factors apply unite United States versus Richardson from this courts is the sentencing package doctrine applies to section 404 proceedings United States versus read which abrogated Collington talks about that court must consider changes in the law and all frivolous arguments raised by the parties the Swain case from this court says that this court reviews section 404 reductions for procedural and substantive reasonableness these are your honor effectively new judgments they're not clarifications they're not clerical corrections they're not modifications they're the court doing what Congress instructed the court to do which is to quote impose a reduced sentence so for those reasons we would say that the district court erred in saying that it was a second and six or successive petition motion and that it lacked jurisdiction to consider it for that reason I'm certainly happy to answer any other questions the court has otherwise I'll see you in rebuttal thank you morning your honors Andrea Hoffman on behalf of the United States Congress did not instruct district courts to impose a new sentence Congress instructed district courts that they could impose a new sentence and that breadth of district discretion is important no sentencing modification reduction statute in this in our system has ever been treated as a new judgment for the purposes of 2255 and the same is true here admittedly the First Step Act did a variety of significant changes to the statutory construction of criminal stat of criminal process when Congress wanted to talk about the application of the Supreme Court's decision in Magwood to your argument that this isn't a new judgment yes your honor the Supreme Court in Magwood said that a 2254 50 it was a 2254 circumstances opposed to a 2255 but said that it is indisputable that it requires an invalidation of the judgment underneath that the heart of what's happening in in we'll stay with 2255 context given the similarity of how they're handled but the heart of what's happening in a 2255 context is that the defense counsel is as he's did today asking the court to vacate the underlying proceeding send it back for to be dealt with again typically that is because there's something fundamentally in wrong with the underlying proceeding that has been found in the collateral review process that's not what's happening under the First Step Act under the First Step Act both Telsey and Edwards describe it as an act of legislative grace which is a great term frankly because what Congress did was look back and decide that it wanted to alter something that had existed but not impose it upon the system it gave discretion to the district courts it's recognizing that the first FSA Fair Sentencing Act decision 2010 I believe set a parameters that affected the crack coke guideline issues but didn't apply retroactively there was this whole bizarre phenomenon of circumstances when it applied and when it didn't and so it's making that process now able to be retroactive in a way that had not been before it did not order it to it did not force it to it required district courts to examine whether it's the crack guidelines or any and it doesn't make the prior judgment invalid as was the case in Magwood it absolutely does not your honor because it's not fundamentally wrong underneath it's a correct application of the law that's now the court has the discretion to choose to view in a different parameter but before we get to that we would before we would get to that analysis we would need to address the mootness argument can you we would and I would bet lean into the argument that this is a statutory jurisdictional question and that the district court can create alternative rulings as it did is this court does all the time for example of the the system is allowing that sort of process and so if the district court were incorrect and this court were to find it was a new judgment then his alternative rulings would stand he thoroughly dealt with the timeliness issue he thoroughly dealt with multiple prongs of the merits issue even if we set aside the timeliness issue and don't consider whether this particular pleading was timely filed 14 months after the judgment came down the court addressed the underlying merits of this pleading on multiple fronts mr. Robinson has a prior 924 C conviction in an unrelated count so even case so even if the one wanted to look at the stacking provisions of the first step act as being something that they would reconsider the court did and it would be the same the court also then considered within the same conviction in this case he had to 841 convictions and to 924 C convictions and that those both would stand appropriately as it would have been applied at the time that he was sentenced as a stackable offenses so the court thoroughly addressed the merits of this issue and given the fact that it had under the statutory claims processing analysis an ability to create alternative holdings this issue as and further excuse me as judge caught a bomb said we had there are not certificate of appeal ability issues issued on with respect to the timeliness and that's critical is that because otherwise an alternative basis could have could be wrong and it wouldn't necessarily be true if we have not commented on it in some way but the and I'll say it feels a bit odd for our comment to be the denial of a certificate ability rather than an affirmation but you know in this context in the habeas context you know those aren't the same necessarily but the only way you get to bring it to us is if you there's a proper basis for a certificate absolutely your honor it's the equivalent of saying this the district court's opinion stands firm whether they were a hundred percent correct or not is not what the certificate of appeal ability is saying frankly it's not what any opinion is necessarily saying it's recognizing that there's no basis at your threshold level for re-examining that decision and about the argument he makes though that you imagine this was imagine the district court said there's no injury in fact but even if there's an injury in fact there's no redress ability so we're in like plainly article 3 land not statutory stuff yeah if that had been the way it was done I mean yeah I mean that does the does the alternative and assume it's alternative does the alternative article 3 ground somehow not count that we can't take a look at it your honor if a court gets the threshold question wrong but but went on to consider that this court didn't say in I'm wrong about this let's address but if you had for example you've made it very clear that the court I think I believe I'm correct but I'm going to consider the possibility that I'm incorrect and and address the breadth of the issues that are before me it would seem to me appropriate for the court to then consider those issues and this court effectively did that because this court's seen this this this district court excuse me not the court before me the district court in this case has seen this case multiple times as you reference the prior case you they've been here six times mr. Robinson's been before this district court many times and so they knew the breadth of what this is the I believe it's the fifth 2255 proceeding that's been filed by mr. Robinson the all of the preceding ones or many of the preceding ones not excuse me were completed with a decision on successive and secondary not merits based or not timeliness issues in this context the court addressed it all it understood even if I'm wrong I want to make sure that this court has an opportunity to have the breadth of my analysis of the facts that are before me and thoroughly addressed them all so I do think it's appropriate for the court to consider it in either case I do think that the it's important that there's no circumstance when any sentencing reduction motion has been treated as a new judgment in this quarter or frankly in any other court and part of that is because it is a bedrock principle of the analysis of how we look at affecting final judgments and when we affect them and the courts have long held that that approach is narrow it's narrow in sentencing reduction proceedings it's narrow extraordinarily narrow in 2255 like the cases that where that's happened the the Magwood case that judge Thacker talked about and our case both involved determinations that there was something wrong with the original judgment number one and then both involved a full resentencing you know to deal with that error and a difference that make me your colleague may say this difference is not enough to change things but it seems pretty clear that that's different than we have here we don't have a plenary plenary resentencing by law and we don't have a determination that the original judgment was wrong so we'd have to deviate from the cases where there has been a declaration of a new judgment and we'd have to deviate from two of our sister circuits which we can do I mean you know that we're that we got no precedent binding us on this but am I right about the difference in Magwood and in gray your honor you have said it perfectly and as well as I could hope to say it I would add on to that that when you look at 3582 B that statute specifically tells this court in all courts that a judgment is final for all purposes other than the sentencing reduction provision that was authorized under in this case 3582 C1 and this court has gone on to use that provision in Santos to say they're final for the purposes of 2255 so when you take all of the factors that the court just so amply elucidated and you add in 3582 B and this court's decision in Santos there's no question that this is not a new judgment for the purposes of the standard for 2255 a second or second successive and the requirement of permission before it can be brought and there's no case that gainsays against that if the court has no further questions I will rest on the briefs and ask that you of either dismiss it as moot or deny it the termination that it is a new judgment and affirm the district court thank you thanks thank you your your honors I think even under the valid invalid framing you know one thing the government correctly points out is in Magwood it was an invalidated judgment in gray it was an invalidated judgment and I can't point to a bunch of non invalidated cases and the reason for that is that the first step act is a very different statute I mean we look at Collington Concepcion Richardson Reed Swain I can't remember them all but the first the first hearing a resentencing that the defendant is doesn't even have to be present he doesn't have to be there and the court cannot go up but here's a difference your honor in the first step act you know mr. Robinson's original statute of conviction was 21 USC 841 b1a you know the it changed the statute of his conviction he is now convicted under b1b so the statute of conviction has changed and the district court upon imposing sentence or imposing a reduced sentence you know had to look at the 35 3a factors had to consider all of his arguments this court reviews it for full procedural and substantive reasonableness so no what do we mean to cut you off finish your answer I would rather answer your question your honor please I want you to get just that first thing so just like our answer ask that question it's not the only time I'm doing well up here is when I'm answering your question so please I think you my question okay you go ahead the points you're making about the first step back I appreciate but it should we consider in conjunction with that the the the wall as it relates to habeas claims which over you know it are very clear about emphasizing the importance of finality so it seems like almost like a major question sort of issue you know that you're suggesting this major change in habeas law that is not ever specified so in addition to these other arguments it just seems like the focus is narrow first step back technically does this and this technically it's a new judgment and it's gonna have this effect on habeas claims that my statute and my case law are just you know so in the importance of finality and that we're doing that without clear direction yes and thank you I think I appreciate your honors question and I would say the reason that this seems like a major sea change and it all does have to rely on Congress having undercut finality with section 404 of the first step act you know I'm not here this this isn't mr. Robinson having come in and had a motion for reconsideration or something that's been around for a long time I think that the amount of litigation around that statute and the fact that that statute literally changed the statute under which he was convicted makes section 404 you know a different in kind than pretty much anything else that's been around and courts have commented on that and that's why I think even under the valid invalid framing a statute that changes the statute under which my client was convicted where he had a full 3553 a resentencing and the point of which was Congress trying to say this entire racially driven improper crack sentencing scheme was invalid is enough to meet the Magwood test the gray test and whatever other test and so we would ask this court to vacate the district courts order and let it consider the merits of mr. Robinson's motion thank you all right thank you and mr. Brignac would you file a 28 J letter about that you talked about kale by the end of the day today and then miss Hoffman can reply by the end of the week in connection with that kale case that you of course your honor it's really it's a it'll be a very short letter that's what I figured you can do it by the end of the day today and thank you as thank you mr. Brignac for your we know that your court appointed and we appreciate your work on behalf of mr. Robinson and the work that you do every day and and do quite zealously we also very much appreciate your work miss Hoffman and we'll come to our judge quad Obama and I will come down and greet counsel and if counsel will come up and greet judge Floyd after that and then we will take a brief recess before our last two cases
judges: Stephanie D. Thacker, A. Marvin Quattlebaum Jr., Henry F. Floyd